IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02164-WYD-BNB

JAMES FRANKLIN, on behalf of the
STATE OF COLORADO,

    Plaintiffs,

v.

MERCK & CO., INC.,

    Defendant.

## ORDER

    THIS MATTER is before the Court on the Motion by Defendant Merck & Co., Inc. To Stay All Proceedings Pending Transfer Decision By The Judicial Panel On Multidistrict Litigation, filed October 31, 2006 (docket #9); Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 1447(c), filed November 12, 2006 (docket #15); and Plaintiff's Motion for Expedited Consideration of Motion to Remand, filed December 15, 2006 (docket #18).

    Plaintiff commenced this taxpayer derivative action on behalf of the State of Colorado against Defendant Merck on September 29, 2006, with the filing of a Complaint and Jury Demand in District Court for the City and County of Denver.  The Complaint alleges that Merck defrauded the State of Colorado into purchasing and paying for tens of millions of dollars of its painkiller, Vioxx.  According to the Complaint, Merck knew that Vioxx was no more efficacious than less costly, over-the-counter

medications and had a higher incidence of adverse side effects, but failed to disclose these facts to the State of Colorado. The Complaint further asserts that had the State known the truth, it would not have purchased or paid for the drug. The Complaint alleges a claim for common law fraud, and requests judgment in favor of Plaintiff and for the State of Colorado for disgorgement of millions of dollars of state controlled funds used to purchase Vioxx through the State's Medicaid program.

On October 27, 2006, Merck filed a Notice of Removal in this Court. In the Notice, Merck asserts that a Multidistrict Litigation (MDL) proceeding has been established in the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings of Vioxx-related actions pursuant to 28 U.S.C. § 1407. According to the Notice, four other suits regarding state Medicaid payments for Vioxx have been filed in Louisiana, Mississippi, Alaska, and Montana and are already pending in the MDL proceeding. In addition, a Conditional Transfer Order issued in a fifth Medicaid suit filed in the State of Utah. Merck further asserts that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims directly implicate the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, and federal Medicaid law involving which drugs a state must cover under its Medicaid program and the circumstances under which a state can decline to pay for such drugs, 42 U.S.C. §§ 1396r-8(d)(1)(B), (d)(4). According to Merck, federal question jurisdiction exists over Plaintiff's state-law fraud claim because that state law claim implicates substantial federal questions. *See Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314-15 (2005).

On October 31, 2006, Merck filed its motion to stay the proceedings in this case pending transfer of the case to *In re Vioxx Marketing, Sales Practices And Products Liability Litigation*, MDL No. 1657, the MDL proceeding established in the Eastern District of Louisiana. On November 3, 2006, Merck filed a Notice, pursuant to Local Rule 3.2, notifying the Court that this case is the subject of and contains factual allegations common to MDL No. 1657. Shortly thereafter on November 20, 2006, Plaintiff filed a response in opposition to the motion to stay, asserting that prior to considering the motion to stay, I should first consider Plaintiff's forthcoming motion to remand and determine whether this Court has subject matter jurisdiction over this action. Plaintiff filed a motion to remand on November 22, 2006, asserting that his entire case is premised on a single fraud claim under Colorado common law, and that no substantial federal question exists over which this Court would have jurisdiction.

On November 29, 2006, the Judicial Panel on Multidistrict Litigation issued a conditional transfer of this case into MDL No. 1657. On December 14, 2006, this Court received notification from the Panel that Plaintiff has filed a notice of opposition to the Panel's conditional transfer order, and that the question of transfer will be considered by the Panel following briefing by the parties. The notification advised that if a motion to remand was currently pending, the Court could rule on the motion or wait until the Panel has decided the transfer issue. The notification states "[t]he latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization." On December 15, 2006, Plaintiff filed a motion requesting

expedited consideration of the motion to remand.

    28 U.S.C. § 1407 provides in part that:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions.

A district court may stay proceedings pending resolution of a motion brought pursuant to 28 U.S.C. § 1407, as the power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts consider three factors in connection with deciding whether a stay is appropriate: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation. *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

    This case is currently one of six cases involving state payments for Vioxx pending in the MDL action[1], and one of hundreds of other Vioxx cases involving whether Merck knew of the certain risks associated with taking Vioxx and failed to

---

[1] *See Utah v. Merck & Co., Inc.*; No. 06-9336 (MDL No. 1657, E.D. La.); *Alaska v. Merck & Co. Inc.*, No. 06-3132 (MDL No. 1657, E.D. La.); *Hood v. Merck & Co. Inc.*, No. 05-6755 (MDL No. 1657, E.D. La.); *Foti v. Merck & Co. Inc.*, No. 05-3700 (MDL No. 1657, E.D. La.); *Montana v. Merck & Co. Inc.*, No. 06-4302 (MDL No. 1657, E.D. La.).

disclose or misrepresented those risks.  Thus, this case involves the same factual issues present in the other MDL Vioxx cases, and granting a stay would promote judicial economy and help insure consistent pretrial rulings.  In addition, I agree with Merck that absent a stay, Merck will be unnecessarily prejudiced as it would be entitled to defend similar suits in multiple jurisdictions.

As noted above, Plaintiff requests consideration of his motion to remand prior to consideration of the motion to stay.  According to Plaintiff, it is incumbent on this Court to determine whether it has jurisdiction over this matter prior to ruling on the motion to stay.  Although I could rule on Plaintiff's motion to remand prior to ruling on the motion to stay, I note that the vast majority of Courts to consider the issue in this context have chosen to rule on a pending motion to stay even when a motion to remand has also been filed.  *See Hatch v. Merck & Co. Inc.*, 2005 WL 2436716 (W.D. Tenn., Oct. 3, 2005) (unpublished) (citing cases).  As Merck asserts in its reply in support of its motion to dismiss, all of the five cases involving state Medicaid funds currently before the MDL involve state law claims and in all of those cases plaintiffs have requested remand based on their assertion that their claims do not implicate substantial questions of federal law.  Indeed, the Judge presiding over the MDL in the District of Louisiana has noted that numerous motions to remand are currently pending and acknowledged his desire to rule on those motion together, in a consistent manner.  *See* Merck's Rep. Brief at 7 (quoting Transcript of the June 23, 2005 Status Conference before the Honorable Eldon E. Fallon in *In re VIOXX Prods. Liab. Litig.*, MDL 1657).

I agree with Merck that having the jurisdictional issues raised in the motion to

remand decided in one proceeding will promote judicial economy. In addition, while Plaintiff will may suffer some prejudicial delay resulting from a stay, I find that the potential prejudice to Merck in terms of duplicative motions practice and discovery to be far greater. If the Panel determines that transfer of this case is not warranted, I will consider Plaintiff's motion to remand at that time.

In conclusion, for the reasons set forth herein, it is hereby

ORDERED that Defendant Merck & Co., Inc.'s Motion To Stay All Proceedings Pending Transfer Decision By The Judicial Panel On Multidistrict Litigation, filed October 31, 2006 (docket #9) is **GRANTED**. These proceedings are **STAYED** pending a decision by the Multidistrict Litigation Panel regarding Plaintiff's opposition to the Panel's conditional transfer order. It is

FURTHER ORDERED that Plaintiff shall inform the Court of Panel's decision regarding transfer of this case. It is

FURTHER ORDERED that Plaintiff's Motion for Expedited Consideration of Motion to Remand, filed December 15, 2006 (docket #18) is **DENIED**.

Dated: January 24, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge